FILED

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

2007 JUL 20  PM 12:25

DAVID BROWN,

    PLAINTIFF

V.

CASE NO: 8:07CV1273T17EAJ

KEN BURKE,

    DEFENDANT.

DEMAND FOR JURY TRIAL

_____/

CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983

THE PLAINTIFF DAVID BROWN ALLEGES:

I. INTRODUCTION

1.) This is a civil right action for compensatory and punitive damages as well as declaratory and injuctive relief. Plaintiff contends that while in custody of the Florida Department of Corrections, the defendant in his individual and official capacity interfered with the plaintiffs right of access to the court and free speech as guaranteed by the First and Fourteenth Amendment to the U.S. Constitution. The plaintiff alleges that the defendant took or was responsible for actions that hindered

the plaintiffs efforts to pursue a legal claim. Plaintiff allege not only that the defendant alleged conduct was Deliberate and Malicious, but also that the defendant actions resulted in actual injury to this plaintiff, such as the dismissal of an meritiorous legal claim.

    (a). Defendant engaged in deceitful conduct
    (b). Intentionally inflicted emotional distress
    (c). Acted negligently to the plaintiff by failing to follow the Rules of the Court.
    (D) Demand For Jury Trial

2). Plaintiff maintains that the deprivations and violations of his Constitutional Rights were carried out pursuant to the rules, regulations, customs, policies and practice of the defendant in his official capacity. And the named defendant acting under color of state law, knowingly cause the plaintiff to be deprived of his Federal Constitutional Rights.

3). The plaintiff request this court to declare that the acts and/or omissions by defendant were unconstitutional under U.S.C. $1983 and by an award of compensatory and punitive damages, compensate this plaintiff for the violations of his Constitutional rights and deter the defendant from further participation in such unconstitutional acts and/or omissions.

2.

## II. JURISDICTION AND VENUE

4) This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law of rights guaranteed by the First and Fourteenth Amendment to U.S.C..

Jurisdiction is found on 28 U.S.C. § 1331 (Federal Question) and § 1343 Civil Rights, The aforementioned Constitutional provisions. This court has jurisdiction to grant Declaratory Relief requested pursuant to 28 U.S.C. § 2201 and Federal R. Civ. pro. Rule 57.

5). Venue lies properly in this Court pursuant to 28 U.S.C. § 1391 (b),(1), because defendant Ken Burke reside in the Middle District of Florida and (2) Because "A substantial part of the events or omissions giving rise to the claim" occurred in the Middle District of Florida.

6). The plaintiff claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and Federal Rules of Civil Procedure Rule 65.

## III. PARTIES

7). David Brown, an adult citizen of the United States, and a resident of the State of Florida, at all time mentioned as the plaintiff herein.

8). Defendant Ken Burke is the Clerk of the Court, for Clearwater, Pinellas County and has ultimate responsibility for the promulgation

3.

and enforcement of all Rules of the Court. Defendant Burke is sued in his official and individual capacity. The actions and failure to act alleged herein were actions under the authority of color of state law.

## IV. ALLEGATIONS OF FACTS

9). The above plaintiff is a State prisoner, currently incarcerated at South Bay Correctional Facility - P.O. Box 7171, South Bay, Florida 33493

10). On March 20, 2006, this plaintiff filed a pro se motion for Post-Conviction Relief.

11). On July 11, 2006, the Circuit Court Judge issued an Order directing the State to show cause.

12). Plaintiff then hired Attorney Julio Ferrer Roo, 8360 West Flagler Street, Suite 203-A, Miami, Florida 33144. Mr. Ferrer was paid $2000.00 dollars to represent and litigate plaintiff's case.

13). Unbeknownst to this plaintiff, plaintiff's Attorney Mr. Julio Ferrer Roo, on July 17, 2006 file (2) documents in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Mr. Ferrer filed a Notice of Appearance of Counsel " requesting that any

4.

and all filings herein be served on him at the address indicated below. which is Julio R. Ferrer-Roo, Esquire, 8360 West Flagler Street, Suite 203A, Miami, Florida 33144, (305) 552-6900, Fla Bar No.: Attorney for Defendant Brown 2753230.
Mr. Ferrer also filed a motion for leave to file amended Rule 3.850 Motion for Post Conviction Relief. Both documents were acknowledge by the defendant 2006 Jul 17 PM 3:06. Both documents have the Clerk of the Court stamp.

14). The State filed a motion for extention of time August 9, 2006. The defendant refused to send a copy to Mr. Ferrer knowing that he was representing the plaintiff in the Post Conviction Case.

15). August 11, 2006 the Circuit Court granted the states extention of time Motion. The Clerk of the Court, defendant Burke still did not send plaintiffs Attorney Mr. Ferrer a copy of the Order. The Order was again sent to plaintiff and showed that plaintiff was still filing pro se.

16). September 11, 2006, the state responded to show Cause Order and sent it to the plaintiff instead of the plaintiffs attorney because the defendant deliberately still had the plaintiff listed as pro se.

5.

17). February 2, 2007 the Honorable Linda R. Allan denied the plaintiff's Motion for Post Conviction Relief and the Clerk of the Court, the defendant still refused to acknowledge plaintiffs attorney. The Order was sent to plaintiff as a pro se litigant, even though the defendant "knew" plaintiff had an attorney.

18). Because defendant Burke failed to ensure the transmittal of the proper record to plaintiffs counsel, defendant interfered with the plaintiffs right to counsel and access to the Court. The defendant hindered plaintiffs efforts for plaintiffs counsel to file timely responses, so that plaintiff was without effective assistance of counsel.

19). Because plaintiff efforts to defend the criminal charges were allegedly hindered plaintiff as a pro se litigant was unable to effectively pursue his several non-frivolous criminal claims. Defendant violated plaintiff's constitutional right, by denying plaintiff meaningful assistance of plaintiffs counsel in assisting plaintiff with the preparation and filing of plaintiffs' criminal legal papers.

20). Plaintiff wrote to the Clerk of the Court, the defendant and ask why plaintiff was still listed as a pro se litigant and did an attorney file a notice of appearance and a motion to amend

plaintiffs Motion for Post Conviction Relief. Defendant never responded to plaintiffs letter. Plaintiff then wrote the Honorable Chief Judge David A. Demers, and that is when plaintiff received documents that the defendant knew that plaintiff had counsel, but defendant still place the burden on plaintiff to litigate plaintiffs criminal case as a pro se litigant.

## V. FIRST CLAIM FOR RELIEF
### INTERFERENCE WITH ACCESS TO THE COURT

21.) Defendant violated the plaintiffs First and Fourteenth Amendment and 42 U.S.C. § 1983

## VI SECOND CLAIM FOR RELIEF
### LACK OF DUE PROCESS

22). Defendant failure to comply with Rules of the Court deprived the plaintiffs rights to due process of law protected by the First and Fourteenth Amendment by 42 U.S.C. § 1983.

23). Defendants action also states a (state Tort Claim)... Negligence, Victimization and Discrimination 42 U.S.C. § 1983 (3)

7.

24). The defendants actions were not reasonable in judgement for the plaintiff. This defendant shows evidence of favoritism, self-interest, and a dislike for pro se litigants. What this defendant has done to this plaintiff is illegal, unethical and devious.

### PRAYER FOR JUDGEMENT

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1). Plaintiff prays for the entry of Judgement against defendant for Compensatory Damages in the amount of (150) One Hundred and fifty thousand dollars.

2). Plaintiff prays for the entry of Judgement against defendant for punitive damages in the amount of (50) fifty thousand dollars.

3). Plaintiff prays for injunction relief and Declaration that the defendant actions was unConstitutional.

4. Plaintiff prays for an award of the plaintiffs reasonable attorney fees and Court Cost pursuant to 42 U.S.C. § 1983

5). And any other relief this Honorable Court may deem,

just and appropriate for this plaintiff.

Sincerely Written,

DAVID BROWN, #046100

Pursuant to 28 U.S.C. 1746, I Declare under the penalty of Perjury that the foregoing is true and correct.

DAVID BROWN, #046100

State of Florida
County of Palm Beach

Sworn to and subscribe to before me this 12 day of July, 2007.

S. L. FREEMAN
MY COMMISSION # DD 530438
EXPIRES: June 2, 2010
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC SIGNATURE

Produced FDOC ID# 046100 as identification.

9.