UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BROWN,

        Plaintiff,

v.                              Case No. 8:07-cv-1273-T-17EAJ

KEN BURKE, CLERK OF THE COURT,

        Defendant.

## O R D E R

This cause is before the Court on Defendant Kenneth Burke's motion to dismiss the complaint (Doc. No. 9) and Plaintiff David Brown's motion to strike and objection to the motion to dismiss the complaint.(Doc. No. 10).

### Background

Brown alleges that Burke violated his constitutional rights by failing to send copies of documents to the attorney who represented Brown in his rule 3.850 motion before the state trial court. Burke is the elected Clerk of the Circuit Court in and for Pinellas County, Florida. Brown's Complaint purports to state a federal or state tort cause of action against Burke <u>individually</u>:

> This is a civil rights action for compensatory and punitive damages as well as declaratory and injunctive relief. Plaintiff contends that while in custody of the Florida Department of Corrections, the defendant in his <u>individual and official capacity</u> interfered with the plaintiffs right of access to the court and free speech as guaranteed by the First and fourteenth Amendment to the U.S. Constitution. The plaintiff alleges that the defendant took or was responsible for actions that hindered the plaintiffs efforts to pursue a legal

claim.

(Doc. No. 1, ¶ 1).

## Standard for Motion To Dismiss

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true. See *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305,1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Examrs,* 859 F. Supp. 1489, 1492 (S.D. Fla. 1994). *See also, Marsh V. Butler County*, *Alabama*, 268 F.3d 1014, 1036 (11th Clr. 2001) (finding that "[I]n the light of the usual pleading requirements of Fed. R. Civ. P. (b)6), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal) (citation omitted); *Mass. School of Law at Andover v. American Bar Association*, 142 F.3d 26, 40 (1st Cir.1998) (finding that a review court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

In ruling on a motion to dismiss, courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. C. P. 12(b)(6); Fed. R. Civ. P. 10(c). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. See *Roberts*,

146 F.3d at 1307. It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) is warranted.

In the case of a pro se action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. See *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se litigant is not excused from compliance with a Court order or other judicial or statutory deadlines. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction: instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines.").

## Discussion

Defendant Burke, individually, is immune from suit in tort for any action based upon state law negligence. §768.28(9) Fla. Stat. Moreover, the Complaint fails to aver any facts regarding Burke, individually, that would remove the immunity provided under §768.28(9) Fla. Stat. See, e.g., Complaint at paragraphs 23-24. (Doc. No. 1, ¶ ¶ 23-24).

The balance of the Complaint fails to identify any act or omission that was committed by Burke, individually. Burke is entitled to qualified immunity absent some pleading of fact that reveals conduct that violates a clearly established duty he personally owed the Plaintiff. No such facts are pled.

The Complaint appears to be predicated upon a misguided notion that the Clerk of the Court has the "ultimate responsibility for the promulgation and enforcement of all Rules of the Court." (Doc. No. 1, ¶ 8) In Florida, the Rules of the Court are promulgated by the Florida Supreme Court, not local clerks of the Circuit Court. Florida Constitution, Article V, Section 2(a).

The gravamen of the Complaint focuses upon an alleged failure of the Clerk of the Court's staff to serve pleadings between the State's Attorney's office, Brown's ostensibly retained attorney, Julio R. Ferrer-Roo, and the Circuit Judge who obviously received and ruled upon Plaintiff's post-conviction motion. See, e.g., the Complaint at paragraphs 14-19. (Doc. No. 1, ¶ ¶ 14-19).

Paragraph 21 of the Complaint appears to be the first apparent Count of the Complaint. It asserts "Interference with Access to the Court." However, the Complaint clearly reveals the Circuit Court was accessed by Brown and the Circuit Court ordered the State of Florida to respond to his post-conviction motions.[1] See, e.g., Complaint at paragraph 11. (Doc. No. 1, ¶ 11).

Brown alleges that after the Circuit Court ordered the State's Attorney to respond to Brown's petition for writ of habeas corpus, he had an attorney file an appearance, and that this attorney requested that any and all filings be served upon him. (Complaint, paragraph 13.) Brown complains that the Clerk of the Court did not serve pleadings upon his attorney, nor did the State's Attorney or the Circuit Court. (Complaint, paragraphs 14-17). The Complaint fails to identify any legal duty that is imposed upon the Clerk to serve these pleadings.

The Complaint, including its reasonable inferences, shows that the Clerk's office received Brown's motion for post-conviction relief and that this motion was acted upon by

---

[1] Fla.R.Civ.P. 3.850(d) requires the Clerk of the Court, upon receipt of a Rule 3.850 motion, to forward the motion and file to the court. In turn, the Circuit Court may proceed to issue an order to show cause to the State's Attorney. The four corners of Brown's Complaint reveal that this was done as the Circuit Court ordered the State's Attorney to show cause. See, Complaint at paragraph 11. Rule 3.850 does not require the Clerk of the Court to serve any other pleadings upon the State's Attorney or upon any attorney who files an appearance in the matter.

the Circuit Court. Whether the Circuit Court received Brown's motion from the Clerk pursuant to Fla.R.Civ.P. 3.850 is immaterial, although one can reasonably infer from the Complaint that is precisely what happened. Moreover, Brown's Counsel, assuming Brown actually retained an attorney, is responsible for knowing how to contact opposing counsel and the Court in order to represent his client. Nothing in the United States Constitution or Florida law imposes upon the Clerk of the Court any duty to engage in these services as claimed by Brown

Brown's Complaint fails to allege any facts that demonstrate that Burke, individually, engaged in any wrongdoing whatsoever. Instead, the Complaint alleges matters about the office of the Clerk of the Court, generally. Moreover, the allegations of the Complaint reflect that the allegations in the Complaint, itself, are immaterial. Brown was entitled, at best, to have his post-conviction motion tendered by the Clerk to the Circuit Court for consideration. Ultimately, he received that consideration. Brown received due process.

Under Florida law, Burke has individual immunity in tort for negligence. §768.28(9) Fla. Stat. To avoid immunity, Brown has to articulate ultimate facts that would demonstrate that Burke, personally, acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." §768.28(9)(a). However, Brown has not averred any facts that would support any such claim against Burke, individually.

Moreover, Burke has qualified immunity to any claim under 42 U.S.C. §1983 if the asserted claim fails to allege a constitutional violation, or if a constitutional violation occurred, the right was not clearly established at the time of the violation. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

The due process right afforded Brown is the right of access to the Courts. Brown's Complaint reflects he had just that. His post-conviction motion was received by the Circuit Court and ruled upon. Therefore, the Complaint fails to reflect any cognizable harm.

Brown claims he was represented by counsel.  Brown does not allege that his counsel filed any proposed amendments to his post-conviction motion or that his alleged counsel took any action to organize a hearing before the Circuit Court.  As a matter of law, these latter responsibilities are the practice of law and the responsibility of his attorney, not the Clerk of the Court.

After reading Brown's complaint in a liberal fashion, the Court finds that Brown can prove no set of facts in support of his claim which would entitle him to relief.  Therefore, Defendant Burke's motion to dismiss will be granted.

Accordingly, the Court orders:

1. That Burke's motion to dismiss the complaint (Doc. No. 9) is granted.

2. That Brown's motion to strike the motion to dismiss (Doc. No. 10) is denied.

3. The Clerk is directed to enter judgment against Brown and to close this case.

ORDERED at Tampa, Florida, on December 13, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David Brown